IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SILVESTRE RAUL ROBLES-TORRES, Reg. No. 33001-280, Movant, v. UNITED STATES OF AMERICA, Respondent. | § § § § § § § § § § | EP-16-CV-384-PRM EP-13-CR-1825-PRM-1 |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Movant Silvestre Raul Robles-Torres's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 44) [hereinafter "Motion"] and his "Memorandum of Law in Support of Petitioner's Motion Under 28 U.S.C. § 2255," (ECF No. 45) [hereinafter "Memorandum"] both filed on August 24, 2016, in the above-captioned cause.[1]  In his Memorandum, Movant asserts the Court erred when it

---

[1] "ECF," in this context, refers to the criminal docket in cause number EP-13-CR-1825-PRM-1.  Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

enhanced his sentence based on a prior robbery conviction.[2]  For the reasons outlined below, the Court will dismiss the Motion and will deny Movant a certificate of appealability.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 19, 2012, a United States Immigration and Customs Enforcement ("ICE") agent encountered Movant at the El Paso County Detention Facility in El Paso, Texas, following his arrest by local law enforcement officers for theft and aggravated robbery.[3]  When questioned by the ICE agent, Movant readily admitted to his Mexican citizenship and lack of documents allowing him to enter or remain in the United States legally.[4]  When the agent checked available records, he determined that immigration authorities had removed Movant from the United States to Mexico on multiple occasions, including on December 14, 2010, after his conviction in the 210th Judicial District Court of El

---

[2] Mem. 4–6.

[3] *Id.* at 3.

[4] *Id.*

Paso County, Texas, for robbery, in violation of Section 29.02 of the Texas Penal Code.[5]

A grand jury returned a one-count indictment charging Movant with illegally re-entering the United States after his removal, in violation of 8 U.S.C. § 1326.[6] In addition to the indictment, the United States of America filed notice that it would seek an enhanced penalty under 8 U.S.C. § 1326(b)(2) based on Movant's prior convictions.[7] Movant pleaded guilty and the Court ordered a presentence investigation report.[8] After reviewing the report, the Court concluded that Movant's prior state-court conviction for second-degree robbery was a "crime of violence" that warranted a sixteen-level increase to his base offense level pursuant to Sentencing Guideline § 2L1.2(b)(1)(A).[9]

---

[5] *See id.*; *see also* Presentence Investigation Report, Ex. A (J. of Conviction, *State v. Robles*, No. 20040D04559, 210th Dist. Ct., El Paso Cty., Tex. Dec. 16, 2004), Nov. 26, 2013, ECF No. 24-2.

[6] Indictment, Aug. 21, 2016, ECF No. 9.

[7] Notice of Enhanced Penalty, Aug. 21, 2016, ECF No. 10.

[8] Min. Entry, Oct. 1, 2013, ECF No. 20.

Accordingly, the Court determined that Movant had a total offense level of 21 and a criminal history category of VI. Thus, the Court concluded that Movant's advisory guideline range was 77 to 96 months' imprisonment. The Court sentenced Movant at the top of the guidline range to 96 months' imprisonment based on his long history of violent crimes.[10] The Fifth Circuit Court of Appeals affirmed the judgment.[11] Movant subsequently filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," (ECF No. 35) [hereinafter "First § 2255 Motion"] on February 29, 2016.

In Movant's First § 2255 Motion, he similarly asserted that the Court erred in concluding that his prior state-court conviction for robbery was an aggravated felony which warranted an enhanced

---

[9] Presentence Investigation Report ¶ 14, Nov. 26, 2014, ECF No. 24. *See* U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (U.S. Sentencing Comm'n 2013) ("If the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence . . . increase by 16 levels . . . ."); cmt. 1(B)(iii) ("'Crime of violence' means any of the following offenses under federal, state, or local law: . . . robbery . . . .").

[10] *See* J. 2, Dec. 4, 2013, ECF No. 30.

[11] *United States v. Robles-Torres*, 578 F. App'x 368 (5th Cir. 2014).

sentence.[12]  Relying on the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Movant argued his sentence was based on a "vague statute, Title 8 U.S.C. § 1326," which violated his rights under the Due Process Clause.[13]  In *Johnson*, the Supreme Court "held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment."[14]  The Court denied Movant's First § 2255 Motion because the Fifth Circuit had previously held that "*Johnson* [was] not available . . . on collateral review."[15] Movant appealed the Court's decision, and the Fifth Circuit dismissed Movant's appeal, pursuant to Fifth Circuit Rule 42.3, when he "failed to

---

[12] First § 2255 Mot. Attach. 1, at 5–7.

[13] *Id.* at 4; *see also* 8 U.S.C. § 1326(b) ("[A]ny alien . . . whose removal was subsequent to a conviction for commission of an aggravated felony . . . shall be . . . imprisoned not more than 20 years . . . .").

[14] *United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (explaining the *Johnson* holding).

[15] *See* Mem. Op. & Order 8, Mar. 29, 2016, ECF No. 36 (quoting *In re Williams*, 806 F.3d 322, 326 (5th Cir. 2015)).

timely pay [the] docketing fee."[16]  The Supreme Court subsequently ruled that "*Johnson* is . . . a substantive decision and so has retroactive effect."[17]

In his instant Motion, Movant once again challenges the sixteen-level sentencing enhancement based on the conclusion that the prior robbery conviction was for a "crime of violence."[18]  Movant argues that, in light of *Johnson*, the phrase "crime of violence" as it is used in 18 U.S.C. § 16 is "unconstitutionally vague."[19]  He asks the Court to correct his sentence.[20]

## II. LEGAL STANDARD

Before a movant may proceed with a second or successive § 2255 motion, a court of appeals panel must first certify that it (1) contains

---

[16] Clerk's Order, *United States v. Robles-Torres*, No. 16-50500 (5th Cir., June 15, 2016).

[17] *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

[18] Mem. 4.

[19] *Id.*

[20] *Id.* at 12.

"newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to collateral review by the Supreme Court, that was previously unavailable."[21]  These restrictions eliminate "the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first f[in]d[s] that those challenges ha[ve] some merit."[22]

## III. ANALYSIS

Because there is nothing in the record to indicate that Movant sought and received the appropriate certification from the Fifth Circuit prior to filing the instant Motion, or that since the filing of the Motion he obtained the necessary certification, the Court finds it is without jurisdiction to entertain his Motion.[23]

---

[21] 28 U.S.C. § 2255(h) (2012).

[22] *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

[23] *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the

Furthermore, in his Memorandum, Movant argues that, in light of *Johnson*, the definition of "crime of violence" as used in 18 U.S.C. § 16 is "unconstitutionally vague."[24]

> Mr. Robles'[s] sentence was enhanced for prior convictions pursuant to 8 U.S.C. §1326, using 18 U.S.C. 16, which defines, a crime of violence. Mr. Robles'[s] judgment and sentence was affirmed by the . . . Fifth Circuit . . . as a categorical "crime of violence." But the panel held that 16(b)'s language suffers the same indeterminancy [sic] that the Supreme Court found vague in the Armed Career Criminal Act's residual clause definition of a violent felony in JOHNSON . . . .[25]

---

movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion. 28 U.S.C. § 2244 (b)(3)(A), § 2255."); *Key*, 205 F.3d at 774 ("[Section] 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion).

[24] Mem. 4.

[25] *Id.* See *United States v. Gonzalez-Longoria*, 813 F.3d 225, 235 (5th Cir. 2016), *overruled on reh'g en banc*, No. 15-40041, 2016 WL 4169127 (5th Cir. Aug. 5, 2016) ("[W]e hold that [18 U.S.C.] § 16 is unconstitutionally vague because, at bottom, § 16 requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against imprecise standard. Under *Johnson,* this means that § 16 is unconstitutionally vague, and we so hold.").

The Fifth Circuit recently considered *en banc* "whether the 'crime of violence' definition provided by 18 U.S.C. § 16(b), when incorporated by reference into United States Sentencing Guidelines § 2L1.2(b)(1)(C), [was] unconstitutionally vague . . . in light of *Johnson*" and concluded that it was not.[26] It is, therefore, unlikely that Movant will receive a certification from the Fifth Circuit to proceed with his claim. The Court will not, therefore, transfer this matter to the Fifth Circuit.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[27] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[28] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant

---

[26] *United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016).

[27] 28 U.S.C. § 2253(c)(1)(B) (2012).

[28] *Id.* at § 2253(c)(2).

must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[29]  Because (1) the Court clearly lacks jurisdiction[30] and (2) Movant is unlikely to obtain a certificate of appealability from the Fifth Circuit,[31] the Court concludes that jurists of reason would not debate the Court's procedural ruling.

## V.  CONCLUSION

The Court will accordingly dismiss Movant's instant Motion for want of jurisdiction.  This dismissal, however, is without prejudice to Movant's right to submit a motion for leave to file a second or successive § 2255 motion in the Fifth Circuit.  The Court will also deny Movant a certificate of appealability.  The Court, therefore, enters the following orders:

---

[29] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[30] *See supra* note 21.

[31] *Gonzalez-Longoria*, 2016 WL 4169127, at *1.

**IT IS ORDERED** that Movant's second "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 44) and his civil cause are **DISMISSED WITHOUT PREJUDICE**.[32]

**IT IS FURTHER ORDERED** that Movant is **DENIED** a **CERTIFICATE OF APPEALABILITY**.[33]

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE**

---

[32] *See* W.D. Tex. Local Rule CV-3(b)(6) ("A second or successive petition for habeas corpus relief or motion for relief pursuant to 28 U.S.C. § 2255 will be dismissed without prejudice unless accompanied by a certificate issued by a panel of the Fifth Circuit.").

[33] *See* 28 U.S.C. § 2253(c) (2012) ("Unless a . . . judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255 . . . . A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); 28 U.S.C. foll. 2255 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.").

both the civil and criminal cases.

SIGNED this __29__ day of **September, 2016.**

_____
PHILIP MARTINEZ
UNITED STATES DISTRICT JUDGE